**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DANTE BERTANI,                                              Civil Action

           Plaintiff,                                        No.

    v.

WESTMORELAND COUNTY, Pennsylvania,
CHARLES ANDERSON, COMMISSIONER,
in his individual capacity, and TYLER COURTNEY,
COMMISSIONER, in his individual capacity,

           Defendant.                                        JURY TRIAL DEMANDED

### CIVIL COMPLAINT

Plaintiff, Dante Bertani, by undersigned counsel, files this Civil Complaint and in support allege the following:

### I. Jurisdiction

1.    The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983; 28 U.S.C §§1331 and 1343(a)(3) and (a)(4).

### II. The Parties

2.    Plaintiff, Dante Bertani, is an adult individual citizen who resides at 7553 Rural Lane, North Huntington, PA 15642. At all times relevant hereto, he was employed by Westmoreland County, Pennsylvania as the Chief Public Defender.

3.    Defendant Westmoreland County, Pennsylvania is a political subdivision of the Commonwealth of Pennsylvania. Its principal place of business is located at 102 Courthouse Square Main Street, Greensburg, PA 15601.

4.    Defendant Charles Anderson is an adult individual who is County Commissioner of Westmoreland County. He is a state actor with hiring and firing authority over employees in

Westmoreland County. At all times relevant he operated pursuant to authority granted or delegated to him under Pennsylvania law, and therefore acted under color of state law. He is sued individually for damages. His principal place of business is 102 Courthouse Square Main Street, Greensburg, PA 15601.

5.      Defendant Tyler Courtney is an adult individual who is a County Commissioner of Westmoreland County. He is a state actor with hiring and firing authority over employees in Westmoreland County. At all times relevant he operated pursuant to authority granted or delegated to him under Pennsylvania law, and therefore acted under color of state law. He is sued individually for damages. His principal place of business is 102 Courthouse Square, Main Street, Greensburg, PA 15601.

### III. Factual Background

6.      Bertani has worked for Defendant Westmoreland County for more than 41 years as the Chief Public Defender. He performed his job in an exceptional manner.

7.      In position as Chief Public Defender, Bertani represents criminal defendants in adversarial proceedings with the state and supervises the office of Public Defender.

8.      Thus, Bertani's position of Chief Public Defender is not one for which a difference in political affiliation with the governing political majority is likely to cause him to be ineffective in carrying out the duties and responsibilities of his office.

9.      Bertani also is Chair of the Westmoreland County Democratic Committee. He has occupied that position since 2006. Earlier he occupied the same position from 1982 to 1994.

10.      Defendants Anderson and Courtney are Republicans, and upon election and assumption of office constituted the hiring authority of Westmoreland County under Pennsylvania law.

11.     Anderson and Courtney were elected to the office of County Commissioner in the November 2011 and both assumed office in January 2012.

12.     Anderson and Courtney, in addition to five Republican row officers, claimed victory in the November 2011 elections, tipping the balance of power in Westmoreland County from the Democrats to the Republicans for the first time in 55 years.

13.     In his position as Democratic Committee Chair, Bertani opposed the election of Anderson and Courtney.

14.     Shortly after they assumed office, Anderson and Courtney, who now comprised the governing majority, made sweeping changes in both employees and procedures in Westmoreland County.

15.     Immediately after assuming office, in January 2012, Anderson instructed Bertani to retire.

16.     Bertani declined.

17.     Thus, during early and middle March 2012, Anderson and Courtney secretly interviewed public defender candidates while Bertani was out of town on vacation.

18.     When Bertani returned from vacation, on or about March 19, 2012, a member of the County Commissioners' staff was delegated to inform Bertani that Defendants were firing him.

19.     The Commissioner staffer was unable to locate Bertani to fire him, so the decision was conveyed to the news media before Defendants even had told Bertani he was fired.

20.      When Defendants fired Bertani after more than 40 years of service, Defendant Anderson said Bertani "served the people of Westmoreland County well, but it's a new day and a new regime."

21.     On the very same day Defendants announced Bertani's discharge, they also

announced they had hired,  in his place, one  Wayne McGrew, who was active in Republican politics, and who had previously ran unsuccessfully in the Westmoreland County GOP primary for the office of county sheriff and also had run in the Republican primary for county commissioner.

22.     McGrew had no experience as a public defender

### Count I
### 42 U.S.C. §1983
### Political Affiliation

23.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 22  as if fully restated herein.

24.     Defendants fired Bertani because of his political affiliation in violation of Plaintiff's right to belief and association under the First and Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. §1983.

25.     At all times relevant hereto, Defendants  acted under color of state law, inasmuch as their acting as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendants Anderson and Courtney, as the controlling majority county commissioners,  are clothed with the authority of state law.

26.      Bertani's position of Chief Public Defender does not require a political affiliation similar to the political affiliation of the controlling political majority of any given Board of Westmoreland County Commissioners.

27.     Defendants' actions toward Bertani were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned on a pledge of political allegiance to a party or candidate he may not prefer to support.

28.     The conduct by Defendants Anderson and Courtney, as set forth above, was a conscious choice on the part of Defendants to disregard Plaintiff's constitutional rights, and deprived

4

Bertani under color of state law, of rights of belief and association under the First and Fourteenth

Amendments of the U.S. Constitution in violation of 42 U.S.C. §1983.

29.     As a direct and proximate result of Defendants' intentional and reckless actions,

Bertani has sustained the injuries and damages set forth above.

WHEREFORE, Plaintiff demands judgment against Defendant Westmoreland County, and

against Defendants Anderson and Courtney individually, and damages as follows:

a.   That Defendant Westmoreland County be permanently enjoined from discriminating against Plaintiff or engaging in First Amendment activities;

b.   That Defendant Westmoreland County be permanently enjoined from retaliating against Plaintiff because she engaged in First Amendment protected activities;

c.   That Defendant Westmoreland County be ordered to reinstate Plaintiff to the position he occupied at the time he was terminated;

d.   That Defendants be ordered to pay Plaintiff all of his lost pay and benefits;

e.   That Plaintiff be awarded against Defendants compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants Anderson and Courtney's conduct;

f.   That Plaintiff be awarded punitive damages against Defendants Anderson and Courtney in their individual capacities in an amount sufficient to punish those Defendants and to deter similar conduct;

g.   That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

h.   That Plaintiff be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**SAMUEL J. CORDES & ASSOCIATES**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa. I.D. No. 54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorney for Plaintiff